THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN CAREY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DANIELL BREAKELL; M. GRIES; T. CASTELLUCCI and BRAZELL, Officers for National Park Service; and UNITED STATES DEPARTMENT OF INTERIOR, by and through its National Park Service,<br><br>　　　　　　Defendant. | **MEMORANDUM AND ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 4:25-cv-00029-DN-PK<br><br>District Judge David Nuffer |

On June 20, 2025, Plaintiff Kristen Carey filed a complaint alleging claims arising under 42 U.S.C. § 1983 and § 1988 following an August 2023 driving under the influence ("DUI") arrest by the National Park Service at Glen Canyon National Recreation Area.[1] On June 4, 2025, Plaintiff issued a summons only to the U.S. Department of Interior ("DOI").[2] On June 23, 2025, Plaintiff was ordered to comply with Federal Rule of Civil Procedure 4(m) as no proof of service was filed on the docket.[3] On July 8, 2025, Plaintiff reported that the summons issued to DOI was returned executed.[4]

---

[1] Complaint, docket no. 1, filed March 20, 2025.

[2] Summons in a Civil Action, docket no. 8, filed June 4, 2025.

[3] Docket Text Order, docket no. 9, filed June 23, 2025.

[4] Summons in a Civil Action, docket no. 12, filed July 8, 2025.

For the reasons stated below, the case is DISMISSED WITHOUT PREJUDICE for failure to timely serve the defendants and for failure to comply with Federal Rule of Civil Procedure 4.

## 1  DISCUSSION

When serving a government agency, Federal Rule of Civil Procedure 4(i) states:

> (1) To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to *the United States attorney for the district where the action is brought*—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, *a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.*[5]

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... on its own after notice to the plaintiff ... must dismiss the action

---

[5] Fed. R. Civ. P. 4(i) (emphasis added); *Davis v. U.S. Gov't*, 756 F. App'x 786 (10th Cir. 2018)

without prejudice against that defendant or order that service be made within a specified time."[6] "[P]roof of service must be made to the court."[7]

Nearly six months have passed since Plaintiffs filed their Complaint, which named only the DOI and National Park Services Officers Breakell, Castellucci, Gries and Brazell – all in their official capacities.[8] It appears from the record that a summons for the government was not properly served as Plaintiff served the DOI at their regional office in Salt Lake City.[9] This is not in compliance with the black letter law of Rule 4(i).

To follow Rule 4(i), Plaintiff should have served the U.S. Attorney's Office for the District of Utah, and the three National Park Service officers individually.[10] The docket only reflects that Plaintiff served DOI directly, which is not in compliance with Rule 4(i). Furthermore, under Rule 4(m), Plaintiff was given 90 days to comply[11] and an order to show cause has already been issued.[12] While Plaintiff had the option of moving for an extension of time, supported by good cause, Plaintiff did not do so.

As over 174 days have passed, under Rule 4(m) this action must be dismissed without prejudice.

---

[6] Fed. R. Civ. P. 4(m)

[7] Fed. R. Civ. P. 4(l)

[8] Complaint at 3.

[9] Summons in a Civil Action, docket no. 12, filed July 8, 2025.

[10] Fed. R. Civ. P. 4(i)(1-2)

[11] Summons, *supra* note 9, at 1.

[12] Docket Text Order, docket no. 9, filed June 23, 2025.

## 2 ORDER

IT IS HEREBY ORDERED that:

1. This action is DISMISSED WITHOUT PREJUDICE for failure to make timely service on the defendants;

2. The Clerk of Court is ordered to CLOSE the case.

Signed September 11, 2025.

BY THE COURT

_____
David Nuffer
United States District Judge